IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| JENNIFER L. BRINKMEIER<br><br>Plaintiff,<br><br>v.<br><br>BAYER HEALTHCARE LLC<br><br>Defendant. | Civil Action No. _____<br><br>**JURY TRIAL DEMANDED** |

## **VERIFIED COMPLAINT**

For her complaint plaintiff Jennifer L. Brinkmeier ("Plaintiff"), by and through the undersigned attorneys, alleges as follows:

## **THE PARTIES**

1. Plaintiff is person residing in Philadelphia, Pennsylvania and a purchaser of Bayer HealthCare products.

2. Upon information and belief, Defendant Bayer HealthCare LLC ("Bayer HealthCare") is a Delaware limited liability corporation with a registered agent at Corporation Service Company, 2711 Centerville Road, Suite 400, Wilmington, Delaware 19808.

3. Bayer HealthCare's Consumer Care Division is one of the largest marketers of over-the-counter ("OTC") medications and nutritional supplements in the world. *See* Ex. A.

4. One of Bayer HealthCare's products is ALEVE®.

5. Aleve® is the nonprescription strength of Anaprox®, a fast-acting form of the medicine in Naprosyn®, the Number 1 selling brand in its class (anti-arthritics) for many years. *See* Ex. B at p. 2.

6. The cap on Aleve® was specifically designed to be both child-resistant and convenient to open for adults. "Whereas many package caps require a certain amount of strength or force to open, the unique design of the ALEVE cap only requires a simple, simultaneous two-fingered pinch that leads to the cap twisting off with ease." *See id.* at p. 5.

7. Bayer HealthCare markets Aleve® as having an "easy-to-open, Safety SQUEASE® bottle [that] has a unique shape to make it distinctive and allow the package to fit comfortably in the hand." *See id.*

## JURISDICTION AND VENUE

8. This is an action for false marking arising under the patent laws of the United States, 35 U.S.C. § 292.

9. Subject matter jurisdiction is proper in this Court under 28 U.S.C. §§ 1331 and 1338(a).

10. Venue is proper in this District pursuant to 28 U.S.C. §§ 1391(b) and (c).

11. This Court has personal jurisdiction over Bayer HealthCare. Upon information and belief, Bayer HealthCare is a Delaware corporation and has committed acts of false marking.

## THE PATENTS

12. U.S. Patent No. 4,948,002 (the "'002 patent"), entitled "Package Exhibiting Improved Child Resistance without Significantly Impeding Access by Adults," issued August 14, 1990 and expired December 29, 2008.

13. U.S. Patent No. D330,677 (the "'677 patent"), entitled "Bottle," issued November 3, 1992 and expired November 3, 2006.

## COUNT I

14. Plaintiff realleges and incorporates herein by reference the allegations stated in paragraphs 1-13 of this Complaint.

15. Upon information and belief, Bayer HealthCare has in the past manufactured and marketed, or caused to be manufactured and marketed, and presently manufactures and markets, or causes to be manufactured or marketed, products for sale to the general consuming public, including, among other things, OTC medications and nutritional supplements.

16. Upon information and belief, the purpose of patent marking is to encourage the patentee to give notice to the public of the patent.

17. Upon information and belief, Bayer HealthCare has in the past marked, or caused to be marked, and presently marks, or causes to be marked, a number of its OTC medications with at least one expired patent and/or patents having scopes which do not cover the marked products.

18. Specifically, upon information and belief, Bayer Healthcare has in the past marked, or caused to be marked, and presently marks, or causes to be marked, at least the following products with the '002 and '677 patents:  Aleve® Liquid Gels, Aleve® Caplets, and Aleve® Smooth Gels. *See, e.g.,* Exs. C-D.

19. When a patent expires, all monopoly rights in the patent terminate irrevocably.  Therefore, a product marked with an expired patent is not currently protected by such expired patent.

20. Upon information and belief, Bayer HealthCare is a sophisticated company and has many decades of experience applying for, obtaining, and litigating patents.

3

21. Upon information and belief, Bayer HealthCare has an in-house legal department.

22. Upon information and belief, attorneys in Bayer HealthCare's legal department are responsible for Bayer HealthCare's intellectual property and marketing, labeling, and advertising law.

23. Upon information and belief, Bayer HealthCare knows by itself or by its representatives at least constructively that patents expire (*i.e.*, that patents do not have an indefinite duration) and is, or should be, aware of when reissued patents expire given the added attorney effort involved in obtaining reissued patents.

24. Upon information and belief, Bayer HealthCare knows, or at least should know (itself or by its representatives), that one or more of the patents marked on the products identified in paragraph 18 above are expired.

25. Upon information and belief, Bayer HealthCare knows that the products identified in paragraph 18 above are not covered by the expired patents marked on such products because expired patents have no monopoly rights.

26. Upon information and belief, Bayer HealthCare has previously accused companies of patent infringement and Bayer HealthCare has been accused of patent infringement.

27. As a sophisticated company with, upon information and belief, in-house attorneys who regularly litigate or oversee litigation of patent infringement cases and who regularly prosecute or oversee patent prosecution, Bayer HealthCare knows, or reasonably should know, of the requirements of 35 U.S.C. § 292.

28. Upon information and belief, the patent markings for the products identified in paragraph 18 above are found on a label and/or a leaflet. *See, e.g.,* Ex. C at pp. 2-3; Ex. D at pp. 2-3.

29. Upon information and belief, Bayer HealthCare reviews and revises the patent markings on the products identified in paragraph 18 above.

30. Upon information and belief, Bayer HealthCare revised the labels and/or leaflets at least once, including, but not limited to, identifying "Bayer HealthCare LLC" instead of "Bayer Corporation." *See, e.g.,* Ex. C at p. 3; Ex. D at p. 3.

31. Upon information and belief, it would not be cost prohibitive for Bayer HealthCare to have new labels and/or leaflets created which listed non-expired patents whose scopes cover the products identified in paragraph 18 above.

32. Upon information and belief, Bayer HealthCare intentionally included expired patents in the patent markings to prevent competitors from using the same or similar cap as the Aleve® cap and/or the same or similar bottle as the Safety SQUEASE® bottle.

33. At least for the reasons set forth herein, and/or for other reasons which will later be evidenced, Bayer HealthCare has, upon information and belief, falsely marked its products, with the intent to deceive the public, in violation of 35 U.S.C. § 292.

34. Upon information and belief, Bayer HealthCare marks products identified in paragraph 18 with expired patents for the purpose of deceiving the public into believing that something contained in or embodied in the products is covered by or protected by each of the expired patents.

35. Each expired patent marked on the products identified in paragraph 18 above is likely to, or at least has the potential to, discourage or deter others from commercializing a competing product.

36. Upon information and belief, Bayer HealthCare knows, or reasonably should know, that marking the products identified in paragraph 18 above with false patent statements was and is illegal under Title 35 of the United States Code. At a minimum, Bayer HealthCare had and has no reasonable basis to believe that its use of the false markings was or is proper or otherwise permitted under federal law.

37. Upon information and belief, Bayer HealthCare's marking of its products with the numbers of expired patents, as described above and/or as will be further later evidenced, has wrongfully quelled competition with respect to such products to an immeasurable extent thereby causing harm to the United States in an amount which cannot be readily determined.

38. Upon information and belief, for at least the reasons set forth herein, Bayer HealthCare has wrongfully and illegally advertised patent monopolies which it does not possess, and, as a result, has likely benefitted in at least maintaining its considerable market share with respect to the herein described products in the market place.

39. For at least the reasons provided herein, and/or for other reasons which will be later evidenced, each expired patent which is marked on a product likely, or at least potentially, contributes to the public harm.

40. Thus, each expired patent marked on a product, directly or on the packaging thereof, multiplied by the number of products and/or packaging materials on which it appears is a separate "offense" pursuant to 35 U.S.C. § 292(a).

## JURY DEMAND

Plaintiff hereby demands a jury trial on all issues appropriately triable by jury.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays that it have judgment against Bayer HealthCare for the following:

a. A decree that Bayer HealthCare has falsely marked products in violation of 35 U.S.C. § 292;

b. An award of monetary damages, pursuant to 35 U.S.C. § 292, in the form of a civil monetary fine of $500 per false marking offense, or an alternative amount as determined by the Court, one-half of which shall be paid to the United States of America;

c. An accounting for any falsely marked products not presented at trial and an award by the Court of additional damages for any such falsely marked products;

d. A decree that this case is exceptional pursuant to 35 U.S.C. § 285;

e. An award of all costs of this action, including attorneys' fees and interest; and

f. Such other and further relief, at law or in equity, to which Plaintiff is justly entitled.

Dated: January 3, 2010

STAMOULIS & WEINBLATT LLC

*/s/ Richard C. Weinblatt*
Stamatios Stamoulis #4606
stamoulis@swdelaw.com
Richard C. Weinblatt #5080
weinblatt@swdelaw.com
Two Fox Point Centre
6 Denny Road, Suite 307
Wilmington, DE 19809
Telephone: (302) 999-1540

*Attorneys for Plaintiff*