IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| JENNIFER L. BRINKMEIER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C.A. No. 10-001 (SLR) |
| | ) | |
| BAYER HEALTHCARE LLC, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

**BAYER'S ANSWERING BRIEF IN OPPOSITION
TO BRINKMEIER'S MOTION FOR RECONSIDERATION**

MORRIS NICHOLS, ARSHT & TUNNELL LLP
Rodger D. Smith II (#3778)
1201 N. Market Street
P.O. Box 1347
Wilmington, DE  19899-1347
(302) 658-9200
rsmith@mnat.com

*Attorneys for Defendant
Bayer HealthCare LLC*

OF COUNSEL:

Bradford J. Badke
Jeanne C. Curtis
Matthew A. Traupman
ROPES & GRAY LLP
1211 Avenue of the Americas
New York, NY  10036-8704

September 20, 2010

# TABLE OF CONTENTS

**Page(s)**

TABLE OF AUTHORITIES ........................................................................................ ii

I.  INTRODUCTION.................................................................................................1

II.  ARGUMENT .......................................................................................................2

    A.  Legal Standards ........................................................................................2

    B.  The Court's Decision Is Consistent With The Federal Circuit's Decision In
        *Pequignot v. Solo Cup* .............................................................................2

        1.  Brinkmeier Misstates The Holding In *Solo Cup* ..................................2

        2.  Brinkmeier Has Not Plead Facts Sufficient To Warrant A Presumption Of
            Intent To Deceive..................................................................................4

    C.  The District Court Opinions Cited By The Court Are Consistent With *Solo Cup* .......7

    D.  The District Court Opinions Relied On By Brinkmeier Are
        Inconsistent With Federal Circuit or Supreme Court Precedent ..................................9

III.  CONCLUSION ...................................................................................................10

## <u>TABLE OF AUTHORITIES</u>

<u>Page(s)</u>

CASES

*Ashcroft v. Iqbal*,
    __ U.S. __, 129 S. Ct. 1937 (2009)..............................................................*passim*

*Bell Atl. Corp. v. Twombly*,
    550 U.S. 544 (2007)..........................................................................................5

*Bridgestone Sports Co. v. Acushnet Co.*,
    C.A. 05-132-JJF, 2007 U.S. Dist. LEXIS 13347 (D. Del. Feb. 26, 2007)................2

*Brinkmeier v. Graco Children's Prods., Inc.*,
    684 F. Supp. 2d 548 (D. Del. 2010)...............................................................8, 9

*Clontech Labs., Inc. v. Invitrogen Corp.*,
    406 F.3d 1347 (Fed. Cir. 2005)......................................................................9, 10

*Exergen Corp. v. Wal-Mart Stores, Inc.*,
    575 F.3d 1312 (Fed. Cir. 2009).......................................................................5, 6

*Hollander v. Etymotic Research, Inc.*,
    Civ. No. 10-526, 2010 WL 2813015 (E.D. Pa. July 14, 2010)..............................8

*Juniper Networks v. Shipley*,
    No. 09-0696, 2009 WL 1381873 (N.D. Cal. May 14, 2009)..................................8

*Patent Compliance Group, Inc. v. InterDesign, Inc.*,
    No. 3:10-CV-0404-P, U.S. Dist. LEXIS 69082 (N.D. Tex. June 28, 2010)...........9

*Pequignot v. Solo Cup Co.*,
    608 F.3d 1356 (Fed. Cir. 2010).....................................................................*passim*

*Shizzle Pop, LLC v. Wham-O, Inc.*,
    Civ. No. 0-3491 PA, 2010 U.S. Dist. LEXIS 86924 (C.D. Cal. Aug. 2, 2010)........8

*Simonian v. Bunn-O-Matic Corp.*,
    2010 U.S. Dist. LEXIS 86216 (N.D. Ill. Aug. 23, 2010) ....................................10

*Simonian v. Cisco Sys., Inc.*,
    Civ. No. 10-C-1306, 2010 WL 2523211 (N.D. Ill. June 17, 2010).........................8

*Simonian v. Oreck Corp.*,
    No. 10 C 1224, 2010 U.S. Dist. LEXIS 86832 (N.D. Ill. Aug. 23, 2010)..............10

**RULES & STATUTES**

D. Del. LR 7.1.5 ..................................................................................................................2

Fed. R. Civ. P. 9(b) ..........................................................................................................4, 5

Defendant Bayer HealthCare LLC ("Bayer") submits this Answering Brief In Opposition To Plaintiff Jennifer L. Brinkmeier's ("Brinkmeier") Motion For Reconsideration (D.I. 22).

## I.     INTRODUCTION

In its August 25, 2010 Opinion, the Court correctly found that Brinkmeier had failed to sufficiently plead that Bayer acted with an intent to deceive and dismissed Brinkmeier's Amended Complaint.  In her Motion For Reconsideration, Brinkmeier argues that the Court's Opinion is premised on clear legal errors that would result in a manifest injustice to Brinkmeier because the Court failed to adequately consider the Federal Circuit's decision in *Pequignot v. Solo Cup Co.*, 608 F.3d 1356 (Fed. Cir. 2010).   *Solo Cup* is directed to an evidentiary presumption that may arise based upon proof of certain facts by the false marking plaintiff.  It does not discuss the attachment of presumptions based upon a false marking plaintiff's pleading before the plaintiff has proven anything, as the case is here.  In any event, however, the Court's decision is entirely consistent with the decision in *Solo Cup*, which Bayer submitted to the Court by letter.  (D.I. 16).

Brinkmeier argues that she is entitled to a presumption under *Solo Cup* that Bayer acted with an intent to deceive.  That is not correct.  Under the holding in *Solo Cup*, Brinkmeier is entitled to a presumption that Bayer acted with an intent to deceive ***only*** if she can prove that Bayer had knowledge of the falsity of its patent markings, which Brinkmeier has failed to do. Instead, Brinkmeier seeks to improperly invoke the rebuttable presumption based upon allegations that Bayer knew of the expiration of the patents-in-suit.  This argument was specifically rejected by *Solo Cup*, which holds that "Solo's leaving the expired patent numbers on its products after the patents expired, even knowingly, does not show a 'purpose of deceiving the public.'"  *Solo Cup*, 608 F.3d at 1365.

*Solo Cup* stressed that a showing of deceptive intent requires "a purpose of deceit" and that "[t]he bar for proving deceptive intent [in false marking cases] is particularly high." 608 F.3d at 1363. As this Court correctly found, Brinkmeier has failed to plead any facts that support her contentions that Bayer acted with an intent to deceive. Brinkmeier's generalized allegations that, *inter alia*, Bayer is a sophisticated company and that it knows that patents expire "do not permit the court to infer more than the mere possibility of misconduct." *Ashcroft v. Iqbal*, __ U.S. __, 129 S. Ct. 1937, 1949-50 (2009). Brinkmeier has therefore failed to establish her entitlement to relief. Accordingly, Brinkmeier's Motion For Reconsideration should be denied.

## II.   ARGUMENT

### A.   Legal Standards

"Motions for reargument should be sparingly granted." D. Del. LR 7.1.5. A motion for reconsideration "may not be used to relitigate arguments already considered and decided by the Court. *Bridgestone Sports Co. v. Acushnet Co.*, C.A. 05-132-JJF, 2007 U.S. Dist. LEXIS 13347, at *4 (D. Del. Feb. 26, 2007). "Thus, a court may only grant reconsideration if there is: (1) a change in the controlling law; (2) newly available evidence; or (3) the need to correct a clear error of law or fact to prevent manifest injustice." *Id.*

### B.   The Court's Decision Is Consistent With The Federal Circuit's Decision In *Pequignot v. Solo Cup*

#### 1.   Brinkmeier Misstates The Holding In *Solo Cup*

Brinkmeier argues that the Court's August 25, 2010 Memorandum Opinion (D.I. 19) is clearly erroneous because the Court failed to apply the Federal Circuit's decision in *Pequignot v. Solo Cup Co.*, 608 F.3d 1356 (Fed. Cir. 2010). Specifically, Brinkmeier argues that under the holding in *Solo Cup*, she is entitled to a presumption that Bayer acted with an intent to deceive.

2

As an initial matter, it is not even clear that *Solo Cup* is relevant to this case given the differences in the procedural posture of this case.  Brinkmeier characterizes *Solo Cup* as setting forth a "pleading standard."  (D.I. 22 at 2)  In fact, *Solo Cup* does not relate to a pleading standard at all.  *Solo Cup* addresses the sufficiency of the evidence needed to survive a motion for summary judgment.  In doing so, it sets forth a rebuttable ***evidentiary*** presumption that is triggered upon the false marking plaintiffs ***proving*** certain facts.  Brinkmeier cites no authority to support her claim that this evidentiary standard should be applied at the pleading stage.  Indeed, at this stage of the proceedings, Brinkmeier has not ***proven*** anything.  Even if *Solo Cup* is applicable at the pleading stage, however, the Court's August 25, 2010 Memorandum Opinion is entirely consistent with the holding in *Solo Cup*.  Brinkmeier is not entitled to a presumption that Bayer acted with an intent to deceive.

In *Solo Cup*, the Federal Circuit affirmed the district court's decision granting summary judgment to Solo Cup based on Pequignot's failure to prove an intent to deceive the public.  *Id.* at 1362-65.  In examining the intent to deceive requirement, the Federal Circuit explained that:

> The bar for proving deceptive intent here is particularly high, given that the false marking statute is a criminal one, despite being punishable only with a civil fine.  Because the statute requires that the false marker act "for the purpose of deceiving the public," ***a purpose of deceit, rather than simply knowledge that a statement is false, is required.***  As the Supreme Court has explained in distinguishing the mental states of "purpose" and "knowledge" in criminal statutes, "a person who causes a particular result is said to act purposefully if he consciously desires that result, whatever the likelihood of that result happening from his conduct, while he is said to act knowingly if he is aware that that result is practically certain to follow from his conduct, whatever his desire may be as to that result."

*Id.* at 1363 (quoting *United States v. Bailey*, 444 U.S. 394, 404 (1980)) (emphasis added).  Brinkmeier was therefore obligated to plead facts sufficient to support an inference that Bayer consciously desired to deceive the public.  The Court's dismissal of Brinkmeier's Amended

Complaint on the basis that the facts pled in Brinkmeier's Amended Complaint are insufficient to support such an inference is entirely consistent with the Federal Circuit's holding in *Solo Cup*. As the Federal Circuit noted in *Solo Cup*, "[t]he bar for proving deceptive intent here is particularly high." *Id.*

Moreover, Brinkmeier is incorrect that she is entitled to a presumption that Bayer intended to deceive the public based on the holding in *Solo Cup*.   In *Solo Cup*, the Federal Circuit stated that "'the fact of misrepresentation coupled with proof that the party making it had ***knowledge of its falsity*** is enough to warrant drawing an inference that there was fraudulent intent.'"   *Id.* at 1363 (quoting *Clontech Labs., Inc. v. Invitrogen Corp.*, 406 F.3d 1347, 1352 (Fed. Cir. 2005)) (emphasis added).   Thus under the holding in *Solo Cup*, Brinkmeier must prove that Bayer knew that it was marking its products with expired patents before she is entitled to the rebuttable presumption that Bayer acted with an intent to deceive the public.   Brinkmeier fails to meet this standard and instead argues that she is entitled to this presumption because she makes the conclusory allegation that Bayer knew the patents-in-suit were expired.   However, pleading knowledge of the patent expiration is not the same as pleading knowledge of falsity of the patent marking.   Brinkmeier's attempt to equate knowledge of the patent expiration with knowledge that patent marking was false is directly contradicted by the holding in *Solo Cup*, which states that "Solo's leaving the expired patent numbers on its products after the patents expired, even knowingly, does not show a 'purpose of deceiving the public.'"   608 F.3d at 1365.

### 2.    Brinkmeier Has Not Plead Facts Sufficient To Warrant A Presumption Of Intent To Deceive

Even assuming *arguendo* that Brinkmeier's interpretation of *Solo Cup* is correct – which it is not – Brinkmeier still is not entitled to a presumption regarding Bayer's intent because Brinkmeier has failed to plead facts that create a reasonable inference that Bayer knew the

patents-in-suit were expired, let alone that Bayer had knowledge of the falsity of its patent markings.   Applying the heightened pleading requirements of Fed. R. Civ. P. 9(b) (which Brinkmeier does not challenge), the Court correctly found that Brinkmeier pled "no facts to support her contentions that Bayer included the '002 and/or '677 patent on any products with the intent to deceive the public."  (D.I. 19 at 21).

In the context of Rule 9(b), the Federal Circuit has stated that claims must "'must be pleaded in detail' – '[t]his means the who, what, when, where, and how' of the alleged fraud." *Exergen Corp. v. Wal-Mart Stores, Inc.*, 575 F.3d 1312, 1327 (Fed. Cir. 2009).  Moreover, "[a]lthough 'knowledge' and 'intent' may be averred generally, our precedent, like that of several regional circuits, requires that the pleadings allege sufficient underlying facts from which a court may reasonably infer that a party acted with the requisite state of mind." *Id.*  Similarly, the two most recent Supreme Court decisions addressing the sufficiency of a party's pleadings have both stressed that a plaintiff must plead facts sufficient to state a claim to relief that is plausible.  *See Ashcroft v. Iqbal*, __ U.S. __, 129 S. Ct. 1937, 1949-50 (2009) ("[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not 'show[n]' – 'that the pleader is entitled to relief."); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) ("Factual allegations must be enough to raise a right to relief above the speculative level.").

Brinkmeier's Amended Complaint makes general allegations based upon information and belief that Bayer "knows, or at least should know (itself or by its representatives), that one or more of the patents marked on the [Aleve] products . . . are expired."  (D.I. 9, at ¶ 45).  However, as the Court correctly found, none of the "facts" contained in the Amended Complaint allow the Court to reasonably infer that Bayer knew the patents-in-suit were expired or that Bayer acted

with an intent to deceive the public.  None of the "facts" in the Amended Complaint specifically relate to either of the two patents-in-suit.  Rather, they are generalized allegations about Bayer ("Bayer [] is a sophisticated company and has many decades of experience applying for, obtaining, and litigating patents" (D.I. 9 at ¶37)) or about Bayer's knowledge of patents ("Bayer [] knows by itself or by its representatives at least constructively that patents expire" (D.I. 9 at ¶ 42).  In addition, as the Court noted, Brinkmeier's Amended Complaint fails to identify any person, by name or job title, who knew of the expiration of the patents-in-suit.  Thus, the Court's finding that these allegations "'do not create an inference that defendant knew that the patents at issue actually expired'" (D.I. 19 at 22 (quoting *Hollander v. Etymotic Research, Inc.*, Civ. No. 10-526, 2010 WL 2813015, at *6 (E.D. Pa. July 14, 2010)) is fully consistent with the Federal Circuit's holding in *Exergen* that "the pleadings allege sufficient underlying facts from which a court may reasonably infer that a party acted with the requisite state of mind."  575 F.3d at 1327.  The Court's holding is also consistent with the Supreme Court's decision in *Iqbal*, which states that "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  129 S. Ct. at 1949.

Finally, Brinkmeier criticizes the Court's decision for failing to draw all inferences in her favor.  According to Brinkmeier, the Court erred by suggesting that "the presence of expired patents on Bayer's products could be a simple oversight."  (D.I. 22 at 6).  Under Brinkmeier's rationale, "[t]his statement alone establishes that (1) the Court did not accept all factual allegations in the Amended Complaint as true, (2) the Court did not draw all reasonable inferences in Brinkmeier's favor, and (3) the Court considered evidence outside of the Amended Complaint when rendering its decision."  (D.I. 22 at 6-7).  Brinkmeier is not correct.  The Court's finding is consistent with all of the ***factual*** allegations contained in Brinkmeier's

Complaint.  In fact, the Court's consideration of the plausibility of the inferences to be drawn from Brinkmeier's factual allegations is required by the Supreme Court's holding in *Iqbal*.

In *Iqbal*, the Supreme Court reiterated that a claim for relief must be plausible on its face. The Supreme Court then explained that:

> A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.  The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'"

*Iqbal*, 129 S. Ct. at 1949.  In this case, the allegations contained in Brinkmeier's Amended Complaint do nothing more than raise the mere possibility that Bayer acted illegally.  The Court's finding that "the presence of expired patents on Bayer's products could be a simple oversight" underscores the fact that Brinkmeier has pled facts that are merely consistent with Bayer acting with an intent to deceive.  (D.I. 22 at 6).  In other words, Brinkmeier has not shown that she is entitled to relief.  *Iqbal*, 129 S. Ct. at 1950 ("[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not 'show[n]' – 'that the pleader is entitled to relief.'").

### C.     The District Court Opinions Cited By The Court Are Consistent With *Solo Cup*

Brinkmeier alleges that "most of the cases relied on by the Court did not apply the [*Solo Cup*] rebuttable presumption standard and the one case that cited to it both misapplied the standard and is readily distinguishable."  (D.I. 22 at 3).  In fact, each of the cases cited in the Court's opinion is consistent with *Solo Cup* and provides further support for the Court's conclusion that Brinkmeier has failed to sufficiently plead her claim.

For example, despite Brinkmeier's arguments to the contrary, both Judge Farnan's decision in *Brinkmeier v. Graco Children's Prods., Inc.*, 684 F. Supp. 2d 548 (D. Del. 2010), and the Central District of California's opinion in *Shizzle Pop, LLC v. Wham-O, Inc.*, Civ. No. 0-3491 PA, 2010 U.S. Dist. LEXIS 86924 (C.D. Cal. Aug. 2, 2010), are consistent with the mandate in *Solo Cup* that a plaintiff show both "a false statement and knowledge that the statement was false" before it is entitled to the rebuttable presumption of intent to deceive. *Solo Cup*, 608 F.3d at 1363. Specifically, in *Graco*, the Court found, similar to *Solo Cup*, that knowledge that patents are expired does not equate to knowledge that the articles were falsely marked. 684 F. Supp. 2d at 553. Likewise, in *Shizzle Pop*, the Court found that a label marked with an expired patent does not show that the defendant knew the patent was expired and therefore the plaintiff had failed to sufficiently allege an intent to deceive. 2010 U.S. Dist. LEXIS 86924, at *2.

Brinkmeier then goes on to criticize several cases relied upon by the Court simply because the cases "did not analyze or even cite to [*Solo Cup*]" (D.I. 22 at 8). However, Brinkmeier does not contend the cases contradict *Solo Cup*, and they do not. *See, e.g., Hollander v. Etymotic Research, Inc.*, Civ. No. 10-526, 2010 WL 2813015, at *6 (E.D. Pa. July 14, 2010) (requiring, similar to *Solo Cup*, that the complaint, in addition to alleging misrepresentation (*i.e.*, that the patent was expired) also show "knowledge of falsity"); *Simonian v. Cisco Sys., Inc.*, Civ. No. 10-C-1306, 2010 WL 2523211, at *3 (N.D. Ill. June 17, 2010) (requiring, similar to *Solo Cup*, allegations of both misrepresentation and knowledge of the misrepresentation); *Juniper Networks v. Shipley*, No. 09-0696, 2009 WL 1381873, at *10 (N.D. Cal. May 14, 2009) (stating, similar to *Solo Cup*, that even if the plaintiff alleged the defendant falsely marked an article, it must also allege that the article was marked with an intent to

8

deceive).  There is no basis for alleging as Brinkmeier does that the Court's reliance on these cases constitutes clear legal error.

### D.   The District Court Opinions Relied On By Brinkmeier Are Inconsistent With Federal Circuit or Supreme Court Precedent

Finally, several of the cases relied upon by Brinkmeier are inconsistent with either the Federal Circuit's holding in *Solo Cup* or the Supreme Court's decisions in *Twombly* and *Iqbal*. Far from establishing that the Court committed clear legal error as Brinkmeier suggests, these divergent district court decisions demonstrate that Brinkmeier's motion for reconsideration should be denied.  For example, Brinkmeier relies heavily on *Patent Compliance Group, Inc. v. InterDesign, Inc.*, No. 3:10-CV-0404-P, U.S. Dist. LEXIS 69082 (N.D. Tex. June 28, 2010), to criticize Judge Farnan's decision in *Brinkmeier v. Graco Children's Prods., Inc.*, 684 F. Supp. 2d 548 (2010).   However, the Court in *Patent Compliance Group* fails to properly apply the rebuttable presumption set forth in *Solo Cup*.  In *Patent Compliance Group*, the Court, citing to *Solo Cup*, held that "[a]rmed with actual documentation that a product was falsely marked, a court may draw an inference of the defendant's knowledge simply by the finite nature of patents and the ordeal an entity must go through to actively create and maintain a patent."  U.S. Dist. LEXIS 69082, at *33.  Thus, *Patent Compliance Group* seeks to apply a rebuttable presumption at the pleading stage based solely upon a showing that a product was falsely marked.

At least at the pleading stage, the holding in *Patent Compliance Group* reads the intent to deceive element completely out of a false marking claim, allowing a claim to proceed based solely upon a showing that there was a false marking.  This is inconsistent with the Federal Circuit's holding in *Solo Cup* that "the combination of a false statement ***and*** knowledge that the statement was false creates a rebuttable presumption of intent to deceive the public. . . ."  608 F.3d at 1362-63.  *Patent Compliance Group* is also inconsistent with *Clontech Labs., Inc. v.*

*Invitrogen Corp.*, 406 F.3d 1347, 1352 (Fed. Cir. 2005), which rejected the notion that § 292 permits liability based solely upon a showing of false marking.

Similarly, the decisions in *Simonian v. Oreck Corp.*, No. 10 C 1224, 2010 U.S. Dist. LEXIS 86832 (N.D. Ill. Aug. 23, 2010), and *Simonian v. Bunn-O-Matic Corp.*, 2010 U.S. Dist. LEXIS 86216 (N.D. Ill. Aug. 23, 2010), fail to properly apply *Solo Cup*.  In *Oreck*, the Court found that an allegation that defendants had knowledge that the patents were expired was sufficient to trigger the rebuttable presumption described in *Solo Cup*, 2010 U.S. Dist. LEXIS 86832, at *43; however, as explained above *Solo Cup* requires knowledge of the falsity rather than knowledge of the patent expiration before the rebuttable presumption is triggered. Likewise, in *Bunn*, the court found that because the plaintiff alleged that the defendant "made a false statement (application of expired patents) and that it did so knowingly, ***or that it should have known***" was sufficient to state a claim.  2010 U.S. Dist. LEXIS 86216, at *16.  The Court's finding that it is sufficient to plead that a false marking defendant ***should have known*** of the falsity of the mark is inconsistent with by *Solo Cup*, which holds that intent to deceive requires a "conscious desire" to deceive.  608 F.3d at 1363.

## III.    CONCLUSION

Brinkmeier's motion fails to establish that the Court committed clear legal error by dismissing Brinkmeier's Amended Complaint.  For the reasons stated above, Brinkmeier's Motion For Reconsideration should be denied.

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

*/s/ Rodger D. Smith II*

_____

Rodger D. Smith II (#3778)
1201 N. Market Street
P.O. Box 1347
Wilmington, DE   19899-1347
(302) 658-9200
rsmith@mnat.com

OF COUNSEL:

Bradford J. Badke
Jeanne C. Curtis
Matthew A. Traupman
ROPES & GRAY LLP
1211 Avenue of the Americas
New York, NY  10036-8704

September 20, 2010
3784854

*Attorneys for Defendant*
*Bayer HealthCare LLC*

## CERTIFICATE OF SERVICE

I hereby certify that on September 20, 2010, I caused the foregoing to be electronically filed with the Clerk of the Court using CM/ECF, which will send notification of such filing to:

> Stamatios Stamoulis
> Richard C. Weinblatt
> STAMOULIS & WEINBLATT LLC

I further certify that I caused copies of the foregoing document to be served on September 20, 2010, upon the following in the manner indicated:

Stamatios Stamoulis                                    *VIA ELECTRONIC MAIL*
Richard C. Weinblatt
STAMOULIS & WEINBLATT LLC
Two Fox Point Centre
6 Denny Road, Suite 307
Wilmington, DE  19809

*/s/ Rodger D. Smith II*
Rodger D. Smith II (#3778)